UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marilyn Plyler, | C/A No. 4:17-cv-03152-DCC |
| Plaintiff, | |
| v. | ORDER |
| Commissioner of Social Security, | |
| Defendant. | |

On January 21, 2019, Paul T. McChesney, counsel for Plaintiff, filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") ECF No. 24. In the motion, McChesney requests reimbursement for representation provided in the above-referenced case in the amount $3,408.06 in fees (representing 8.00 hours of work at a rate of $192.50 per hour for the attorney's time and 20.25 hours of work at a rate of $96.25 per hour for the paralegal's time) and expenses of $20.02. *Id*. On February 4, 2019, Defendant filed a Response to Counsel's motion, posing no objection. ECF No. 24.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). To determine whether the Commissioner was "substantially justified" in terminating social security benefits and thus whether an award of attorney's fees under the EAJA is warranted, a court asks whether there was arguably substantial evidence to support the Commissioner's position. *Anderson v. Heckler*, 756 F.2d 1011 (4th Cir. 1984). However, an EAJA attorney's fees award is payable to the litigant and, therefore, is subject

to an offset to satisfy the litigant's pre-existing debt to the Government. *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

After careful consideration of the parties' filings and the applicable legal authority, the Court concludes that the Commissioner's position was not substantially justified and that the requested fees should be awarded. As noted, the Commissioner does not object to Plaintiff's motion for an award of fees.

Therefore, Plaintiff's motion for attorney's fees under the EAJA is granted. The Commissioner is ordered to award Plaintiff $3,408.06 in attorney's fees and $20.01 in expenses. EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). In the event Plaintiff has no present debt subject to offset and Plaintiff has executed a proper assignment to Plaintiff's counsel, Defendant is directed to make the payment due to Plaintiff's counsel. If Plaintiff has no debt subject to offset and no proper assignment has been made by Plaintiff to counsel, Defendant is directed to make the check due pursuant to this Order payable to Plaintiff and delivered to Plaintiff's counsel.

IT IS SO ORDERED.

March 5, 2019                                                            s/ Donald C. Coggins, Jr.
Spartanburg, South Carolina                     United States District Judge